**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-03112-CMA-MEH

STANDARD INSURANCE COMPANY,

    Plaintiff,

v.

CHERRYL WORKMAN, as Guardian *ad Litem* for the minor child Jenna Cochran,
STEPHANIE COCHRAN, individually, and
THOMAS TANNER, as personal representative of the Estate of Douglas C. Cochran,

    Defendants.

---

**ORDER GRANTING STANDARD'S UNOPPOSED MOTION TO INTERPLEAD
FUNDS, DISMISSING STANDARD WITH PREJUDICE
AND AWARDING STANDARD ITS ATTORNEYS' FEES AND COSTS**

---

    The Court, having reviewed Standard's Unopposed Motion to Interplead Funds Into the Court Registry and For Discharge as a Stakeholder (Doc. # 16), filed by Plaintiff Standard Insurance Company ("Standard") on February 21, 2012, and being otherwise fully advised, finds as follows:

    1.    Pursuant to Rule 67 of the Federal Rules of Civil Procedure, Standard brought this action to interplead benefits to which multiple parties claimed they were entitled under group life insurance policy number 138204-A (the "Policy") that was issued as part of an ERISA-regulated employee-welfare benefit plan that was sponsored by the employer of Douglas C. Cochran (the "Decedent").

2. Standard has in its possession, and agrees to tender and deposit into the registry of the Court, the sum of $104,000.00 plus interest which will be paid at 0.09% from the date of death through 30 days following the proof of loss, then at 2.75% from day 31 following the proof of loss until Standard issues payment (the "Proceeds"). The Proceeds are the amount due under the Policy which covered the life of the Decedent.

3. Standard does not claim any interest in the Proceeds, concedes its liability in the full amount of the Proceeds, and seeks to deposit the Proceeds into the registry of the Court to be held in an interest-bearing account. Accordingly, Standard is entitled to its reasonable attorneys' fees and costs to be payable from the Proceeds. The parties have reached an agreement regarding the amount of attorneys' fees and costs which Standard is permitted to withhold from the Proceeds.

4. Further, Standard seeks to be discharged as a stakeholder, released from further liability, and dismissed from this interpleader action with prejudice. As a disinterested stakeholder claiming no interest in the Proceeds, Standard is entitled to be discharged as a party to this lawsuit with a declaration that it has no further liability to any of the Defendants regarding the subject matter of this interpleader action.

WHEREFORE, the Court orders that:

a. Standard is awarded $9,000.00 for its attorneys' fees and costs and is authorized to withhold that amount from the Proceeds;

b. Standard shall tender the Proceeds minus the amount withheld for attorneys' fees and costs to the Clerk of the Court;

c. The Clerk of this Court is authorized to deposit the funds received from Standard into an interest-bearing account; and

d. Standard is discharged as stakeholder from this action, has no further liability to any of the Defendants regarding the subject matter of this action, and is DISMISSED WITH PREJUDICE.

e. Notwithstanding dismissal of Standard, this case is to remain open, pending potential further litigation among the remaining parties.

DATED: February  28 , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge